IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


DAVID R. WILSON                                                                    PLAINTIFF

V.                                                      CIVIL ACTION NO. 3:14CV900-CWR-LRA

DOROTHY A. HARRISON                                                           DEFENDANT

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

This cause is before the Court on David R. Wilson's motion for leave to proceed *in forma pauperis* (IFP) [2].  Examining only his income and expenses, the undersigned finds that Wilson is entitled to proceed without the prepayment of fees.  He is disabled and receives $838 per month in supplemental security income.  The undersigned recommends that Wilson's motion be granted.

Granting Plaintiff *in forma pauperis* status to proceed with this lawsuit in federal court also permits the Court to dismiss the case at any time if it determines that the Complaint fails to state a claim on which relief may be granted.  28 U.S.C. §1915(e)(2)(B).  This statute applies equally to prisoner and non-prisoner cases.  *Newsom v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002).  The reason for permitting early dismissal is clear -- to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Thus, the Court is not required to wait until a defendant has been served, at taxpayer expense, and has moved for dismissal; the Court may dismiss a case on its own motion if it falls within the parameters of § 1915(e)(2).  *Id.*

Mindful of this law, the undersigned Magistrate Judge has considered whether this Court has jurisdiction to hear this case, noting that subject-matter jurisdiction "must be policed by the courts on their own initiative even at the highest level."  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (citations omitted).

The statute which governs IFP proceedings provides as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quotation marks and citation omitted); *see Newsome v. E.E.O.C.*, 301 F.3d 227, 233 (5th Cir. 2002) ("Newsome's complaint has no arguable basis in fact or law, and no relief could be granted to her under any set of facts consistent with her allegations. The complaint is frivolous, fails to state a claim, and was properly dismissed."). "District courts are vested with especially broad discretion in making the determination of whether an IFP proceeding is frivolous." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986) (collecting cases).

The undersigned has reviewed Wilson's complaint.  He charges that his wife (or ex-wife) Dorothy A. Harrison (Wilson) stole three of his social security disability checks for July 2, 2012, August 3, 2012, and September 3, 2012, and forged his signature.  According to Wilson, she used the money to buy drugs for herself and for her boyfriends.  At most, Wilson states a claim of conversion, forgery, and fraud under Mississippi law.  Yet Wilson alleges that this Court has federal question jurisdiction under 28 U.S.C. §1331, presumably because his disability checks were received from the Social Security Administration.

In the undersigned's opinion, Wilson's case is frivolous and fails to state a claim because subject matter jurisdiction is absent.  There is no diversity jurisdiction because the plaintiff and the defendant are residents of the same state.  *See* [1] at 2. There is no federal question jurisdiction because conversion and forgery are state court claims.  The federal benefits involved

will not suffice to establish subject matter jurisdiction; they are "only tangentially relevant" to Wilson's state tort claims.  *Singh v. Duane Morris LLP*, 538 F.3d 334, 339 (5th Cir. 2008).

For these reasons, the undersigned recommends that this Complaint be accepted as filed without the prepayment of a filing fee, but dismissed as frivolous and for failing to state a claim on which relief may be granted.

In accordance with the rules and 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to the recommendations within 14 days after service of this report and recommendation.  Plaintiff is hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation after being served with a copy shall bar him, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636; *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 23rd day of December, 2014.


s/ Linda R. Anderson
UNITED STATES DISTRICT JUDGE